FAYETTE VOLUNTEER FIRE DEPARTMENT NO. 2, INC. et al., Appellants,

v.

BOARD OF TOWNSHIP TRUSTEES OF FAYETTE TOWNSHIP et al., Appellees.

[Cite as *Fayette Volunteer Fire Dept. No. 2, Inc. v. Fayette Twp. Bd. of Twp. Trustees* (1993), 87 Ohio App.3d 51.]

Court of Appeals of Ohio,
Lawrence County.

No. 91 CA 27.

Decided April 7, 1993.

*David Reid Dillon,* for appellants.

*J. Stewart Kaiser,* Lawrence County Prosecuting Attorney, for appellees.

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Lawrence County Court of Common Pleas dismissing the action commenced by appellants against appellees.[1] Appellants assign the following errors for our review:

I. "The trial court erred in denying relief under the Sunshine Law."

II. "The trial court erred in refusing to grant declaratory relief [that the actions] taken at the April 13, 1991 meeting of the township trustees were illegal[.]"

III. "The trial court erred in failing to grant injunctive relief[.]"

The record reveals the following undisputed facts pertinent to this appeal. Appellant, Fayette Township Volunteer Fire Department No. 2, Inc. (the "fire department") is an Ohio not-for-profit corporation providing fire service and protection to residents in Fayette Township, Lawrence County, Ohio. On April 13, 1991, a meeting of the Board of Township Trustees of Fayette Township ("the board of trustees") was scheduled to meet and discuss the possibility of consolidating the fire department with the fire department in Burlington. It would appear that the township was experiencing financial problems and that the consolidation of these two departments was viewed as a possible solution.

Approximately two days before that meeting, two members of the board of trustees met for lunch at the Ramada Inn in South Point, Ohio. Leslie York would later concede that he told fellow board member, Ray Carey, that he would "support" any decision Carey made concerning the fire department. The meeting of the board of trustees was then held as scheduled, at which time it was decided to consolidate the two departments.

On May 6, 1991, appellants commenced the cause *sub judice,* alleging that the action of the board of trustees was *ultra vires* and violative of Ohio's so-called

---

1. Appellees include the Fayette Township Board of Trustees and its three individual members; Messrs. W. Alfred Bills, Ray E. Carey and Leslie R. York. Appellants include the Fayette Volunteer Fire Department No. 2, Inc., an Ohio not-for-profit corporation, several of its members and trustees, and taxpayers residing in the area served by the corporation.

"Sunshine Law" set forth at R.C. 121.22. The complaint further averred that the board of trustees was without authority to dissolve their corporation, seize their property and prohibit them from receiving fire (tax levy) money collected on the fire department's behalf. Appellants demanded judgment for, *inter alia*, a permanent injunction against consolidation, a declaratory judgment that the vote was void under Ohio law, unspecified damages, attorney fees and civil forfeiture of $100, which is provided for by statute. On June 21, 1991, the lower court granted a temporary injunction blocking any action to consolidate the fire department. Thereafter, appellees filed their answer denying the allegations in the complaint and asking that the cause against them be dismissed.

The matter came on for hearing on September 3, 1991. The trial court issued its decision a week later, holding that the April 13, 1991 action of the board of trustees was violative of Ohio's Sunshine Law and was "a *nullity* * * * as if no action had been taken." (Emphasis added.) The court then determined that none of the individual appellants had standing to challenge the action by the board of trustees and that irreparable harm to the township had not been shown. Thus, the court concluded, no further remedy was warranted and the action would be dismissed. Appellants quickly followed with a motion for reconsideration of this decision, arguing that they were entitled to either an injunction or to declaratory relief. The matter was heard on October 23, 1991, at which time the lower court declined to change its decision. A final judgment entry to that effect was filed on November 6, 1991, and this appeal followed.

This is an unusual case. There is no question that a violation of the Sunshine provisions of R.C. 121.22 has occurred. The lower court found that the action of the board of trustees was taken in violation of those provisions and that finding has not been challenged on appeal. Appellees argue that "the lower court effectively nullified and declared void all of the [b]oard's actions that were opposed by * * * [a]ppellants in the original [c]omplaint." Thus, appellees conclude, they are "wondering why this case is even on appeal." Appellants counter that the trial court's decision and judgment were only advisory in nature and failed to grant any decisive relief. The critical issue at this stage of the proceedings would then be to determine the precise relief to which appellants are entitled.

With this in mind, we shall jointly consider the first and third assignments of error, wherein appellants argue that the lower court erred in not granting injunctive relief under Ohio's Sunshine Law. We agree. The remedy provisions of R.C. 121.22(I) state, *inter alia*, as follows:

"(1) * * * Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas *shall issue an injunction* to compel the members of the public body to comply with its provisions.

" \* \* \*

"(3) Irreparable harm and prejudice to the party that sought the injunction shall be conclusively and irrebuttably presumed upon proof of a violation or threatened violation of this section." (Emphasis added.)

The statute clearly provides that an injunction is to be issued upon finding a violation of the Sunshine Law. We can understand the trial court's reasoning that, once the action of the board of township trustees is declared a nullity, any further need for an order to enjoin that action would be obviated. Ordinarily, we would adopt similar reasoning and hold that the refusal to grant injunctive relief was harmless error in light of the unequivocal determination by the lower court that the board's action was invalid. See, generally, Civ.R. 61. However, the Ohio General Assembly has mandated that there be an irrebuttable presumption of prejudice upon violation of the statute. R.C. 121.22(I)(3). This mandate requires that the judgment be reversed and that the proper injunction be issued by the lower court. Accordingly, the first and third assignments of error are sustained.

In their second assignment of error, appellants argue that the lower court erroneously declined to enter an actual declaratory judgment that the actions taken at the April 13, 1991 board of township trustees' meeting were illegal. We disagree. The granting of declaratory relief is within the sound discretion of the trial court. See 35 Ohio Jurisprudence 3d (1982) 17, Declaratory Judgment and Related Proceedings, Section 10. A reversal would not be warranted then unless we could determine that the trial court had abused its discretion. An abuse of discretion connotes more than an error of law or judgment; it implies an unreasonable, arbitrary or unconscionable attitude. *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 22, 552 N.E.2d 202, 205; *Steiner v. Custer* (1940), 137 Ohio St. 448, 19 O.O. 148, 31 N.E.2d 855, paragraph two of the syllabus. We are unable to make such a determination in the cause *sub judice*. This is particularly true in light of the fairly explicit finding that the action of board of trustee's on April 13, 1991, was a "nullity." Given this declaration, it hardly seems necessary to enter an explicit declaratory judgment to that effect. Accordingly, the second assignment of error is overruled.

Having sustained the first and third assignments of error, we reverse the judgment and remand the cause to the lower court with instructions to issue an injunction consistent with its previous decision.

*Judgment reversed*
*and cause remanded.*

HARSHA, P.J., and GREY, J., concur.