**DORAN, Appellee,**

**v.**

**NORTHMONT BOARD OF EDUCATION, Appellant.**

[Cite as *Doran v. Northmont Bd. of Edn.,* 153 Ohio App.3d 499, 2003-Ohio-4084.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 19720.

Decided Aug. 1, 2003.

500

Donald J. McTigue, for appellee.

Lynnette Pisone Ballato and Nicholas E. Subashi, for appellant.

WOLFF, Judge.

{¶ 1} The Northmont Board of Education ("the board") appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment in favor of Elmer Doran and issued an injunction requiring the board to comply with R.C. 121.22.

{¶ 2} This case began on July 28, 2000, when Doran filed a complaint alleging that the board had violated Ohio's Sunshine Law, specifically R.C. 121.22(F), by conducting meetings absent a rule establishing a method by which the public could determine the time, place, and purpose of special meetings. Both parties filed motions for summary judgment, and the trial court granted the board's motion on August 9, 2001. Doran appealed to this court, and we reversed in part and affirmed in part the trial court's decision. *Doran v. Northmont Bd. of Edn.*, 147 Ohio App.3d 268, 2002-Ohio-386, 770 N.E.2d 92. We agreed with Doran that the board had violated R.C. 121.22(F) and reversed and remanded "for the trial court to order the Northmont Board of Education to develop a rule establishing a reasonable method whereby the public can determine the time, place, and purpose of special meetings held by the board." Id. at ¶ 18.

{¶ 3} On February 11, 2002, both Doran and the board filed motions for reconsideration of our opinion. Doran's motion sought a reversal on the issues that we had affirmed and an injunction and civil forfeiture due to our determination that the board's special meeting notification policy was deficient. The board sought a clarification of the issues to be addressed on remand and notified us that

the board had passed a rule complying with our opinion and the statute. On March 6, 2002, we overruled both motions, noting that we had not directed the trial court to issue an injunction and leaving it to the trial court to determine what, if any, relief was necessary.

{¶ 4} Doran appealed to the Supreme Court of Ohio, which declined to hear the case. He then filed a motion to reopen the case in the trial court and for summary judgment on the issues we had remanded. Doran sought an injunction and civil forfeiture as provided for in R.C. 121.22(I)(1). The board filed a memorandum in opposition on October 28, 2002, and Doran filed a reply memorandum on November 6, 2002. On December 12, 2002, the trial court granted Doran's motion for summary judgment, entered an injunction against the board, and ordered the board to pay a civil forfeiture, court costs, and reasonable attorney fees.

{¶ 5} The board appeals, raising one assignment of error.

{¶ 6} "The trial court erred to the prejudice of the board when it granted plaintiff's motion for summary judgment."

{¶ 7} The board argues that the provision of R.C. 121.22(I)(1) requiring that a court "shall" enter an injunction is an unconstitutional violation of the doctrine of separation of powers. It further argues that Doran lacks standing and that the issues before the trial court were moot.

{¶ 8} Legislation passed by the General Assembly is presumed to be constitutional. See *State v. Thompson* (2001), 92 Ohio St.3d 584, 586, 752 N.E.2d 276, citing *State ex rel. Haylett v. Ohio Bur. of Workers' Comp.* (1999), 87 Ohio St.3d 325, 328, 720 N.E.2d 901. Any reasonable doubt must be resolved in favor of the legislation's constitutionality. See *State v. Weitbrecht* (1999), 86 Ohio St.3d 368, 370, 715 N.E.2d 167; *State v. Keenan* (1998), 81 Ohio St.3d 133, 150, 689 N.E.2d 929. Therefore, we will not strike down legislation unless it is established to be unconstitutional beyond a reasonable doubt. See *State v. Williams* (2000), 88 Ohio St.3d 513, 521, 728 N.E.2d 342; *State ex rel. Jackman v. Court of Common Pleas* (1967), 9 Ohio St.2d 159, 161, 38 O.O.2d 404, 224 N.E.2d 906.

{¶ 9} The doctrine of separation of powers "implicitly arises from our tripartite democratic form of government and recognizes that the executive, legislative, and judicial branches of our government have their own unique powers and duties that are separate and apart from the others." *Thompson,* supra, 92 Ohio St.3d at 586, 752 N.E.2d 276, citing *Zanesville v. Zanesville Tel. & Telegraph Co.* (1900), 63 Ohio St. 442, 59 N.E. 109, paragraph one of the syllabus. Its purpose is to maintain the integrity and independence of each of the three branches of government. See *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 475, 715 N.E.2d 1062. The General Assembly

makes laws and is limited in its authority only by the state and federal Constitutions. See *Thompson*, supra, citing Section 1, Article II, Ohio Constitution; *Angell v. Toledo* (1950), 153 Ohio St. 179, 181, 41 O.O. 217, 91 N.E.2d 250. It is prohibited from exercising any judicial power not expressly conferred by the Constitution. *Thompson*, supra, citing Section 32, Article II, Ohio Constitution. The courts " 'possess all powers necessary to secure and safeguard the free and untrammeled exercise of their judicial functions and cannot be directed, controlled or impeded therein by other branches of the government.' " Id., supra, quoting *State ex rel. Johnston v. Taulbee* (1981), 66 Ohio St.2d 417, 20 O.O.3d 361, 423 N.E.2d 80, paragraph two of the syllabus. Furthermore, " '[i]t is indisputable that it is a judicial function to hear and determine a controversy between adverse parties, to ascertain the facts, and, applying the law to the facts, to render a final judgment.' " *Thompson*, supra, quoting *Fairview v. Giffee* (1905), 73 Ohio St. 183, 190, 76 N.E. 865.

{¶ 10} We now turn to a consideration of the statute at issue. R.C. 121.22(I)(1) provides:

{¶ 11} "Any person may bring an action to enforce this section. An action under division (I)(1) of this section shall be brought within two years after the date of the alleged violation or threatened violation. Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas *shall issue an injunction* to compel the members of the public body to comply with its provisions." (Emphasis added.)

{¶ 12} The parties concede that this section is unambiguous and provides for a mandatory injunction where a violation of the Sunshine Law is proven. The board argues that this mandatory injunction provision is an unconstitutional violation of the doctrine of separation of powers because it impinges upon a court's inherent power to issue injunctions and requires the issuing of an injunction without a balancing of the equities. Doran does not disagree with the board's characterization of a court's power to issue equitable injunctions or the requirements for issuing such injunctions. Doran argues, however, that an equitable injunction differs from a statutory injunction and that the General Assembly can impose upon the courts a duty to issue an injunction when certain statutory conditions are met. We agree with Doran and conclude that the portion of R.C. 121.22(I)(1) providing that a court shall issue an injunction where a violation of the statute has been proven is not an unconstitutional violation of the separation-of-powers doctrine.

{¶ 13} In considering a similar statute, the Supreme Court has found no constitutional violation. See *State ex rel. Pizza v. Rezcallah* (1998), 84 Ohio St.3d 116, 123–124, 702 N.E.2d 81. R.C. 3767.05(D) provides: "If the existence of the nuisance is established upon the trial of the civil action, a judgment shall be

entered that perpetually enjoins the defendant and any other person from further maintaining the nuisance at the place complained of and the defendant from maintaining the nuisance elsewhere." Although the constitutionality of this statute was not a central issue in the case, the Supreme Court noted that "there is no constitutional bar to the mandatory imposition of an abatement order or a permanent injunction barring the defendant from 'further maintaining the nuisance at the place complained of' pursuant to R.C. 3767.05(D) * * *." *Pizza,* supra. We likewise see no constitutional bar to the provisions of R.C. 121.22(I)(1).

{¶ 14} It has long been established in Ohio that "when a statute grants a specific injunctive remedy to an individual or to the state, the party requesting the injunction 'need not aver and show, as under ordinary rules in equity, that great or irreparable injury is about to be done for which he has no adequate remedy at law.'" *Ackerman v. Tri–City Geriatric & Health Care, Inc.* (1978), 55 Ohio St.2d 51, 56, 9 O.O.3d 62, 378 N.E.2d 145, quoting *Stephan v. Daniels* (1875), 27 Ohio St. 527, 536, 1875 WL 203. See, also, *Mid–America Tire, Inc. v. PTZ Trading Ltd.,* 95 Ohio St.3d 367, 2002-Ohio-2427, 768 N.E.2d 619, ¶75. In *Ackerman,* the Supreme Court of Ohio held that a balancing of equities was neither necessary nor permissible where an injunction was provided for by statute. *Ackerman,* supra, 55 Ohio St.2d at 58, 9 O.O.3d 62, 378 N.E.2d 145. In so holding, the court stated: "Unlike equitable-injunction actions which were developed in response to a rigid and often inadequate common-law system for redressing non-violent wrongs suffered by one individual at the hands of another, [the statute at issue] was designed by the General Assembly to benefit society by proscribing behavior * * * which the General Assembly has determined not to be in the public interest. It would, therefore, be redundant to require the [person seeking an injunction] to show irreparable damage or lack of an adequate legal remedy once he has already proved that the conditions which the General Assembly has deemed worthy of injunctive relief exist." Id. at 57, 9 O.O.3d 62, 378 N.E.2d 145.

{¶ 15} Although *Ackerman* did not squarely address the constitutionality of a statute providing that a court shall issue an injunction where statutory conditions are met, we believe that it is instructive in this case. It draws a clear distinction between the role of the courts in equitable injunctions and their role in statutory injunctions. A balancing of equities is inappropriate where an injunction has been provided for by statute because the equities have already been balanced by the legislature. It would seem to follow, therefore, that the General Assembly does not overstep its authority by simply stating that the trial court shall issue an injunction where the statutory conditions are met, even though such a provision does not allow the trial court to engage in a balancing of equitable considerations.

{¶ 16} The board attempts to distinguish the *Ackerman* case in two ways. First, the board argues that, because R.C. 121.22 codified a right that existed at common law, it is not a purely statutory right. Therefore, the board argues that a traditional balancing of the equities is necessary before an injunction can issue under the statute and that the statute is unconstitutional because it prohibits such a balancing. We disagree. We are not convinced that the lack of any similar remedy at common law is a prerequisite to the rule of *Ackerman*. Even so, while it is certainly true that some of the rights embodied in R.C. 121.22 existed at common law, they were, in the words of the board, "substantially broadened" by the enactment of the statute. Thus, the legislature created rights by enacting R.C. 121.22, and we believe that it was within the bounds of its power to proscribe penalties for violation of those rights.

{¶ 17} Second, the board argues that *Ackerman* is distinguishable because, in *Ackerman*, the statute at issue set forth "guidelines" for the granting of an injunction. Specifically, the statute, which proscribed operating a nursing home without a license, required that the court find that the defendant was operating an unlicensed nursing home and that the home was unlicensed because the facility failed to comply with essential licensing requirements. *Ackerman*, supra, 55 Ohio St.2d at 55, 9 O.O.3d 62, 378 N.E.2d 145. In support of its argument that similar guidelines are required for *Ackerman* to apply, the board cites *State ex rel. Jones v. Hamilton Cty. Bd. of Commrs.* (1997), 124 Ohio App.3d 184, 189, 705 N.E.2d 1247. The *Jones* court concluded that the statutes at issue in that case did not provide similar guidelines, and therefore the court was required to engage in a balancing of equities. Id. In the instant case, R.C. 121.22(I)(1) does provide statutory prerequisites for the issuance of an injunction. Specifically, an injunction shall issue when the trial court determines that there has been a violation of the statute. Therefore, as in *Ackerman*, a balancing of the equities is neither necessary nor appropriate in granting an injunction pursuant to R.C. 121.22(I)(1). The trial court is not deprived of its fact-finding function because it remains the responsibility of the trial court to hear and determine the controversy, to ascertain the facts, and to apply the law to the facts and render a final judgment. See *Thompson*, supra.

{¶ 18} In further support of its argument that R.C. 121.22(I)(1) is an unconstitutional violation of the separation of powers, the board cites *Michigan State AFL–CIO v. Engler* (Mich.Cir.Ct.1995), Wayne Circuit Court No. 94–423581–CL. In *Engler*, the Wayne County Circuit Court considered a statute providing that a court "shall grant injunctive relief" whenever there was a strike of public school teachers. Id. The court concluded that such a legislative mandate was an unconstitutional violation of the doctrine of separation of powers under Michi-

gan's constitution. Id. While we do not doubt that this is the law in Michigan, we believe that Ohio law compels a different result.

{¶ 19} In short, we cannot conclude that R.C. 121.22(I)(1) violates the doctrine of separation of powers. Because the injunction at issue is statutory, it would be inappropriate for the trial court to engage in a balancing of equities even absent the statutory language. Furthermore, the court retains its fact-finding authority in determining whether a violation of the statute has occurred. For these reasons, we conclude that R.C. 121.22(I)(1) is not an unconstitutional violation of the separation-of-powers doctrine.

{¶ 20} The board also argues that Doran lacks standing and that the issues in the case are moot due to the board's adoption of a rule complying with the statute. We disagree. Doran has standing pursuant to the statute itself, which provides that "[a]ny person may bring an action to enforce this section * * * within two years after the date of the alleged violation or threatened violation." We do not believe that anything further is required. See, e.g., *Middletown v. Ferguson* (1986), 25 Ohio St.3d 71, 75, 25 OBR 125, 495 N.E.2d 380 (noting that standing may be conferred by statute). Furthermore, we cannot conclude that the issues presented are moot. R.C. 121.22(I)(1) requires that the court issue an injunction where a violation of the statute has been proven. It is irrelevant whether the injunction is actually and currently necessary to prevent a future harm. See, e.g., *Fayette Volunteer Fire Dept. No. 2, Inc. v. Fayette Twp. Bd. of Twp. Trustees* (1993), 87 Ohio App.3d 51, 54, 621 N.E.2d 855.

{¶ 21} The trial court did not err in granting summary judgment in favor of Doran.

{¶ 22} The sole assignment of error is overruled.

{¶ 23} The judgment of the trial court will be affirmed.

Judgment affirmed.

BROGAN and FREDERICK N. YOUNG, JJ., concur.