DECISION AND JUDGMENT ENTRY
{¶ 1} The Carthage Township Trustees (the "Trustees") appeal the trial court's determination that they violated R.C. 121.22 (the Ohio Sunshine Law), its issuance of an injunction, and its award of a civil forfeiture to Steven McVey. The Trustees argue that the court should have entered summary judgment in their favor because McVey's initial pleading failed to comply with the Ohio Rules of Civil Procedure. Because the Trustees failed to raise this argument in the trial court, they have waived it. The Trustees also contend that McVey lacked standing to bring the claim. We reject this contention because R.C. 121.22(I)(1) allows "any person" to bring a claim under the statute. Third, the Trustees argue that McVey's action was moot at the time he filed it because the Trustees had already rescinded their rule prohibiting the videotaping of township meetings. Because R.C. 121.22(I) states that an injunction shall issue upon a finding of a violation, it is irrelevant that the Trustees had already reversed their earlier directive. Finally, the Trustees argue that the trial court lacked jurisdiction to grant the injunction because McVey failed to attach an affidavit to his request for the injunction. We conclude that, although the court may consider an affidavit filed by the plaintiff when deciding to issue an injunction, the court may also base its decision on other reliable evidence. The court properly relied on an affidavit submitted by the Trustees in granting the injunction. Therefore, we affirm the court's judgment.
 {¶ 2} In May 2004, McVey filed a "Motion for Injunction" under R.C.121.22 against the Trustees and David W. Coen.[2] McVey alleged that he attended the March meeting of the Trustees and was prohibited from videotaping the meeting. The court denied a motion to dismiss filed by the Trustees and Coen and the parties filed cross motions for summary judgment.
 {¶ 3} The trial court concluded that the facts of the case were not in dispute. The Trustees prohibited videotaping at the March meeting but later rescinded the prohibition. Relying on our decision in Kline v.Davis, Lawrence App. Nos. 00CA32 01CA13, 2001-Ohio-2625, the court held that a public body may not absolutely prohibit the video recording of its meetings, though it may adopt reasonable regulations. The court concluded that the Trustees violated R.C. 121.22 by banning videotaping and the Trustees' reversal of their unlawful decision was irrelevant. The court granted McVey's summary judgment motion and denied the Trustees'. The court granted an injunction compelling the Trustees to comply with R.C. 121.22 and ordered them to pay a civil forfeiture of $500 to McVey, as well as court costs.
 {¶ 4} The Trustees appeal the court's judgment, assigning the following errors:
Assignment of Error #1
The trial court erred in not granting the Trustees' Motion for Summary Judgment because the pleading filed by McVey did not comply with Civil Rules.
A) McVey did not file a complaint but rather a "Motion."
B) The "Motion" did not make a claim of monetary sanctions.
Assignment of Error #2
McVey lacked standing to raise the issue of the refusal of the township to allow videotaping.
Assignment of Error #3
The case was moot prior to McVey's filing the "Motion."
Assignment of Error #4
The trial court lacked jurisdiction to issue an injunction.
 {¶ 5} In their first assignment of error, the Trustees argue that the court erred in denying their motion for summary judgment because McVey's initial filing did not comply with the Ohio Civil Rules as it was styled as a motion rather than a complaint and it did not make a claim for monetary sanctions.
 {¶ 6} Our review of the record reveals that the Trustees failed to raise these arguments in either their motion to dismiss or their motion for summary judgment; therefore, they have waived them for purposes of appeal. See Lippy v. Soc. Natl. Bank (1993), 88 Ohio App.3d 33, 40,623 N.E.2d 108; Van Camp v. Riley (1984), 16 Ohio App.3d 457, 463,476 N.E.2d 1078. Had these issues been properly raised, McVey could have moved to amend his pleadings to comply with the Civil Rules. The Trustees' first assignment of error is overruled.
 {¶ 7} In their second assignment of error, the Trustees argue that McVey lacked standing because he never actually attempted to videotape the meeting and was simply present when the Board President announced that videotaping was prohibited.
 {¶ 8} R.C. 121.22(I)(1) provides that "any person" may bring an action to enforce the provisions of the Sunshine Law. When interpreting a statute, a court shall not ignore its plain and unambiguous language.State v. Krutz (1986), 28 Ohio St.3d 36, 38, 502 N.E.2d 210, 211-212. The "any person" language is plain and unambiguous and provides standing to any individual to bring an action alleging a violation of the Sunshine Law. See Doran v. Northmont Bd. of Edn., 153 Ohio App.3d 499,2003-Ohio-4084, 794 N.E.2d 760, at ¶ 20 (standing conferred under R.C.121.22 and nothing further is required); State ex rel. Mason v. StateEmp. Rel. Bd. (1999), 133 Ohio App.3d 213, 727 N.E.2d 181 (reversing earlier holding that only an aggrieved person could bring action under the Sunshine Law and holding that a person seeking to enforce the law need not demonstrate that he had been aggrieved or that he had a personal stake in the outcome or controversy). The Trustees' second assignment of error is meritless.
 {¶ 9} In their third assignment of error, the Trustees argue that McVey's action was moot because they had already adopted a resolution allowing videotape recording of their meetings. In Fayette Volunteer FireDept. No. 2, Inc. v. Bd. of Twp. Trustees of Fayette Twp. (1993),87 Ohio App.3d 51, 621 N.E.2d 855, we rejected this argument. We recognized that R.C. 121.22(I) states:
(1) * * * Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleasshall issue an injunction to compel the members of the public body to comply with its provisions.
* * *
(3) Irreparable harm and prejudice to the party that sought the injunction shall be conclusively and irrebuttably presumed upon proof of a violation or threatened violation of this section. (Emphasis added.)
Because the statute clearly provides that an injunction is to be issued upon finding a violation of the Sunshine Law, it is irrelevant that the Trustees nullified their prior action. See id. at 54. See, also, Doran at ¶ 20 ("[i]t is irrelevant whether the injunction is actually and currently necessary to prevent a future harm"); Vermilion Teachers'Assn. v. Vermilion Local School Dist. Bd. of Edn. (1994),98 Ohio App.3d 524, 648 N.E.2d 1384 (trial court was bound by remedy provisions of R.C. 121.22(I) even though the employee terminated by the resolution in executive session had been returned to her job). The Trustees' third assignment of error has no merit.
 {¶ 10} In their final assignment of error, the Trustees argue that the trial court lacked jurisdiction to issue an injunction because McVey failed to file a verified complaint or affidavit alleging he was entitled to such relief. The Trustees rely on R.C. 2727.03, which states:
At the beginning of an action, or at any time before judgment, an injunction may be granted by the supreme court or a judge thereof, the court of appeals or a judge thereof in his district, the court of common pleas or a judge thereof in his county, or the probate court, in causes pending therein, when it appears to the court or judge by affidavit of the plaintiff, or his agent, that the plaintiff is entitled to an injunction.
* * *
 {¶ 11} The Trustees failed to raise this argument in the trial court. Generally, an issue is waived when a litigant does not argue it before the trial court. But, a court's lack of subject matter jurisdiction cannot be waived and may be raised for the first time on appeal. Jenkinsv. Keller (1966), 6 Ohio St.2d 122, 126, 216 N.E.2d 379.
 {¶ 12} Nonetheless, the Trustees have cited no support for their contention that the filing of an affidavit is a jurisdictional prerequisite to a request for an injunction. The only case the Trustees cite is State ex rel. Pressley v. Industrial Commission (1967),11 Ohio St.2d 141, 228 N.E.2d 631, wherein the Ohio Supreme Court discussed the differences between the extraordinary remedies of statutory mandamus and statutory mandatory injunction. The Court determined that where a relator brings an action for mandamus but its real goal is to obtain an injunction, the Court has no original jurisdiction of the subject matter and the case must be dismissed. The Court's holding inPressley has no relevance to this case.
 {¶ 13} Further, in State v. Budd (1901), 65 Ohio St. 1, 60 N.E. 988, the Ohio Supreme Court concluded that a judge need not require an affidavit prior to granting an injunction, and that oral testimony is permissible.[3] The Court recognized that statutory use of the word "may" in the statute rather than "shall" indicates that the use of affidavits is permissive only.
 {¶ 14} Here, the trial court did not rely on oral testimony in granting the injunction under R.C. 121.22. Rather, the court apparently relied on the affidavit of the Clerk of the Board of Trustees submitted by the Trustees. In her affidavit, the Clerk stated that, at the March 2004 meeting, the "President of the Board of Trustees made a statement to the general audience in attendance at that meeting that the public would not be permitted to video tape the meeting." She further stated that the Trustees rescinded that statement at the April 2004 meeting and adopted a rule regulating but not prohibiting the audio and video recording of township meetings.
 {¶ 15} We conclude that, although McVey did not submit an affidavit of his own, the court's decision to grant the injunction based on the Clerk's affidavit is permissible. Based on the Trustees' own evidence, the court concluded that they violated R.C. 121.22. Since the court had sufficient evidence before it and R.C. 2727.03 does not expressly preclude a court from granting an injunction even when a plaintiff fails to file an affidavit, we overrule the Trustee's fourth assignment of error.
 {¶ 16} Having found no merit in any of the Trustees' assigned errors, we affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. and McFarland, J.: Concur in Judgment and Opinion.
[2] Apparently, Coen is one of the Trustees.
[3] The Court was considering earlier versions of the statutes governing injunctions.