[Cite as *U.S. Bank Natl. Assn. v. Urbanski*, 2014-Ohio-2362.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

U.S. Bank National Association, as      :
Trustee for BNC Mortgage Loan Trust
2007-2, Mortgage Pass-Through      :
Certificates, Series 2007-2,
     :
           Plaintiff-Appellee,          :            No. 13AP-520
                                     :        (C.P.C. No. 12CVE03-2924)
v.                                     
                                     :        (REGULAR CALENDAR)
The 3076 Representation Terrace
Trust, Brian K. Urbanski, as Trustee,    :

           Defendant-Appellant,      :

Robert L. Hendrix et al.,            :

           Defendants-Appellees.     :

---

D E C I S I O N

Rendered on June 3, 2014

---

*Dinn, Hochman & Potter, LLC*, and *Benjamin D. Carnahan*, for appellee.

*Duncan Simonette, Inc.*, *Brian K. Duncan*, and *Bryan D. Thomas*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} The 3076 Representation Terrace Trust, Brian K. Urbanski, as Trustee ("Urbanski"), defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas, in which the court granted the motion for summary judgment filed by

U.S. Bank National Association, as Trustee for BNC Mortgage Loan Trust 2007-2, Mortgage Pass-Through Certificates, Series 2007-2 ("USB"), plaintiff-appellee.

{¶ 2}   On January 26, 2007, Robert L. Hendrix and Rhonda C. Wheeler executed a promissory note ("the note") payable to BNC Mortgage, Inc. ("BNC"), in the sum of $99,200. The note was secured by a mortgage on the property. BNC subsequently executed an allonge to the note indorsed in blank. USB came into possession of the note. Hendrix and Wheeler executed a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for BNC, and the mortgage was recorded on February 7, 2007.

{¶ 3}   Hendrix and Wheeler quit paying under the note and mortgage sometime in early 2010. On May 16, 2011, Hendrix and Wheeler transferred their interest in the property to Urbanski for zero compensation. MERS assigned the mortgage to USB on February 21, 2012.

{¶ 4}   On March 6, 2012, USB filed a complaint in foreclosure against Hendrix, Wheeler, Urbanski, and several other entities with a possible interest in the property. Urbanski filed an answer and counterclaim. Hendrix and Wheeler did not answer the complaint. On May 10, and July 5, 2012, Urbanski filed motions to dismiss, based on the claim that USB was not the holder of the note and mortgage. On July 24, 2012, the trial court denied Urbanski's motions to dismiss.

{¶ 5}   On March 26, 2013, USB filed a motion for summary judgment, claiming it was the proper holder of the note and mortgage and was entitled to foreclose on the property. On April 1, 2013, Urbanski filed a motion for summary judgment, claiming USB was not the holder of the note and mortgage and that the court should find that USB admitted it was not entitled to foreclose because it failed to respond to Urbanski's request for admissions.

{¶ 6}   On May 17, 2013, the trial court issued a decision and entry granting USB's motion for summary judgment and denying Urbanski's motion for summary judgment. The trial court concluded USB was the holder of the note and mortgage and was entitled to foreclose on the property. Of note, the trial court found Urbanski's "menagerie of arguments" to be "utter garbage," with some bordering on "frivolous," and believed Urbanski "purposely mislead" the court regarding the request for admissions issue.

Urbanski appeals the judgment of the trial court, asserting the following assignment of error:

> THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF/APPELLEE'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO ITS COMPLAINT BECAUSE THERE WERE GENUINE ISSUES OF MATERIAL FACT, INCLUDING BUT NOT LIMITED TO, WHETHER PLAINTIFF HAD STANDING TO INITIATE THE ABOVE-CAPTIONED ACTION[;] WHETHER PLAINTIFF WAS A REAL PARTY IN INTEREST; WHETHER PLAINTIFF CAN DEMONSTRATE CHAIN OF TITLE OF THE PROMISSORY NOTE; WHETHER PLAINTIFF'S AFFIDAVIT COMPLIED WITH THE RULES OF EVIDENNCE AND/OR APPLICABLE LAW, AS WELL AS ITS ACCURACY; WHETHER PLAINTIFF'S FAILURE TO TIMELY RESPOND TO DEFENDANTS REQUEST FOR ADMISSIONS SHOULD HAVE RENDERED THE SAME AS BEING DEEMED ADMITTED; AND/OR WHETHER ANY UNDERLYING DOCUMENTATION, INCLUDING BUT NOT LIMITED TO, THE ALLONGE HAD BEEN ALTERED.

{¶ 7}  Urbanski argues in his assignment of error that the trial court erred when it granted summary judgment in favor of USB and denied his motion for summary judgment. Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 8}  When seeking summary judgment on the grounds that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that

demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims. *Id.* If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶ 9}   In the present case, Urbanski argues that USB did not have standing at the time it filed its complaint and/or was not the holder of the note and mortgage, asserting several arguments. Urbanski first contends that the note was not properly indorsed because the note attached to the complaint does not contain an indorsement; thus, there was no valid negotiation of the note. Urbanski also contends that USB did not own the note at the time the complaint was filed, because under the trust agreement on file with the United State Securities and Exchange Commission ("SEC"), only the depositor, Structured Asset Securities Corporation can transfer a note to the trust. Urbanski further contends that it is necessary to have a recorded assignment of mortgage in order to comply with the Statue of Frauds.

{¶ 10} We disagree with Urbanski's contentions. Pursuant to R.C. 1303.31(A), a "person entitled to enforce" an instrument means any of the following persons: (1) the holder of the instrument, (2) a non-holder in possession of the instrument who has the rights of the holder, or (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of Section 1303.58 of the Revised Code. *Bank of Am., N.A. v. Pasqualone*, 10th Dist. No. 13AP-87, 2013-Ohio-5795, ¶ 31. Initially, the promissory note attached to the complaint did, in fact, contain an allonge indorsed in blank, contrary to Urbanski's claim. Furthermore, Letron Kelly, a contract manager for USB's loan servicer, Ocwen Loan Servicing, averred in his affidavit that USB was in possession of the original note at the time of the filing of the complaint. *See U.S. Bank, N.A. v. Adams*, 6th Dist. No. E-11-070, 2012-Ohio-6253, ¶ 18 (finding that

the bank's possession of the note was demonstrated by the attachment of a copy of the note to the complaint and the affidavit, coupled with an employee's affidavit statements concerning the bank's possession of the note). Kelly also averred that the note was indorsed in blank. A note indorsed in blank makes the instrument payable to the bearer. R.C. 1303.25(B). Under the present indorsement, USB qualified as a holder of the note because it was the one in possession of a negotiable instrument that was payable to the bearer. *See* R.C. 1301.201(B)(21)(a). Therefore, USB was the holder of the note, and, accordingly, USB was entitled to enforce the note pursuant to R.C. 1303.31(A)(1).

{¶ 11} Furthermore, with regard to the mortgage, USB presented unrebutted evidence that the mortgage was assigned to USB, via a copy of the assignment of mortgage attached to the complaint, which indicated that the mortgage was assigned to USB on February 21, 2012. Notwithstanding the explicit assignment of mortgage, this court has also held that an assignment of the interest of the seller or other grantor of a security interest in a note automatically transfers a corresponding interest in the mortgage to the assignee. *Pasqualone* at ¶ 40. Thus, in the present case, where the note was indorsed in blank and USB was the holder of the note, the mortgage was equitably assigned to USB.

{¶ 12} As for Urbanski's argument that USB did not "own" the note at the time the complaint was filed because under the trust agreement on file with the SEC, only the depositor, Structured Asset Securities Corporation could transfer a note to the trust, this argument is without merit. Initially, we point out that Urbanski did not raise this argument in his motion for summary judgment or memorandum contra USB's motion for summary judgment; therefore, it is waived. *See Cowan v. Interdyne Corp.*, 3d Dist. No. 1-12-26, 2013-Ohio-642, ¶ 27 (a party's failure to raise an issue in response to an adverse party's motion for summary judgment waives that issue for purposes of an appeal); *McVey v. Carthage Twp. Trustees*, 4th Dist. No. 04CA44, 2005-Ohio-2869, ¶ 6 (failure to raise arguments in motion for summary judgment waives them for purposes of appeal). Notwithstanding, while a debtor has the right to challenge whether the creditor is the holder of the note, a debtor generally lacks standing to challenge who the owner of the note is because it does not impact who is entitled to enforce the note. *Pasqualone* at ¶ 25, citing *In re Veal*, 450 B.R. 897, 912-13 (Bankr.9th Cir.2011). In other words, the question

of ownership of a note is not the debtor's concern. *Id.* Thus, we find Urbanski's argument is without merit.

{¶ 13} We also find meritless Urbanski's contention that it is necessary to have a "recorded" assignment of mortgage in order to comply with the Statue of Frauds. Urbanski cites no authority for his proposition. If by "recorded" Urbanski means that the assignment must be in writing, which is what he seems to suggest in his appellate brief, there was clearly a writing evidencing the assignment of the mortgage, as discussed above. Furthermore, as we also explained above, the mortgage was equitably assigned to USB when USB became the holder of the note. Therefore, we find this argument without merit.

{¶ 14} Urbanski next asserts that the Kelly affidavit submitted by USB failed to comply with the Ohio Rules of Evidence and was inaccurate. Urbanski first contends that Kelly's affidavit is generic in nature because it does not mention the allonge attached to the note and inaccurately depicts the assignment of mortgage. Initially, Urbanski cites no authority for the proposition that Kelly was required to note in his averment that the promissory note had an allonge included. It was sufficient that Kelly averred that the note was indorsed in blank. The indorsement in blank was in the allonge. This averment was sufficient to demonstrate USB was a holder.

{¶ 15} As for the argument that Kelly should have observed that the assignment of mortgage assigned the mortgage back to MERS, we also find this argument without merit. The assignment of mortgage provides, in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS, that the undersigned, Mortgage Electronic Registration Systems, Inc., as nominee for BNC Mortgage, Inc. A Delaware Corporation, its successors and assigns * * * does hereby assign to U.S. Bank National Association, as Trustee for BNC Mortgage Loan Trust 2007-2, Mortgage Pass-Through Certificates, Series 2007-2 * * * all of its interest in that certain mortgage from Robert L. Hendrix, an unmarried man and Rhonda C. Wheeler, an unmarried woman *to Mortgage Electronic Registration Systems, Inc.,* as nominee for BNC Mortgage, Inc. A Delaware Corporation, its successors and assigns, dated January 26, 2007, recorded February 7, 2007.

(Emphasis added.)   Although Urbanski does not develop his argument, he seems to believe the above provision provides that MERS assigned to USB all of its interest in the mortgage, and then USB transferred the mortgage back to MERS. Presumably, Urbanski

bases his assertion on the "to Mortgage Electronic Registration Systems, Inc." language italicized above. We disagree with Urbanski's reading. What the provision is indicating is that MERS is transferring to USB all of its interest in the mortgage that Hendrix and Wheeler had transferred "to" MERS previously. Therefore, this argument is without merit.

{¶ 16} Urbanski also contends that an affidavit filed by Kelly in another jurisdiction appears to have a signature with different characteristics. However, Urbanski presents nothing beyond his speculation to support such an allegation. Besides being unsupported by any legal authority, his demand that USB should have been required to produce "wet ink" originals of Kelly's affidavit prior to summary judgment being granted is also untenable, given Urbanski was free to conduct discovery and inspect such if he so desired. Therefore, these arguments are without merit.

{¶ 17} Urbanski next contends that USB's request for admissions submitted to appellee should have been deemed admitted by operation of Civ.R. 36(A)(1). Urbanski submits the following timeline. Urbanski served his request for admissions upon USB on September 12, 2012. On September 25, 2012, USB raised an issue that it did not have authorization from Hendrix and Wheeler authorizing it to release information regarding the loan. On October 15 and November 21, 2012, Urbanski submitted Hendrix's and Wheeler's authorizations, respectively, to USB. On December 12, 2012, USB filed a memorandum with the court indicating that it would provide responses to Urbanski's discovery requests on or before December 31, 2012. Based upon USB's commitment to provide discovery, the trial court found moot Urbanski's earlier motion to authorize discovery. Because USB still did not provide discovery, Urbanski left a phone message with USB's counsel regarding the matter on January 3, 2013. Urbanski claims that, because USB failed to timely respond to his request for admissions, such should have been deemed admitted.

{¶ 18} We disagree with Urbanski's contentions. Urbanski neglects some facts in his recitation of the timeline. Urbanski subsequently filed a motion to compel on January 8, 2013 in which he generally recited the same timeline as above. However, as USB indicated in its notice of submission of discovery and memorandum contra Urbanski's motion to compel, Urbanski failed to mention that USB's counsel responded to

Urbanski's January 3, 2013 phone message on January 4, 2013, and informed him via email that he was out of the office at the end of the year and was unable to work the following week due to a severe illness. Urbanski also does not mention that USB submitted the requested discovery on January 11, 2013, and Urbanski withdrew his motion to compel discovery on January 14, 2013.

{¶ 19} In addressing Urbanski's argument that USB's failure to timely respond to his request for admissions should constitute its admission that it had no interest in the subject property, the trial court noted the failure of Urbanski to divulge to the court that USB, in fact, submitted responses to Urbanski's request for admissions on January 11, 2013. The court questioned whether Urbanski and his counsel believed the court was "too stupid to discover the truth." The court also found that Urbanski's attempt to "mislead" the court was "dishonest at best" and "fraudulent at worst." The court then concluded that Urbanski suffered no prejudice by the late submission and denied Urbanski's request that USB be deemed to have admitted it had no interest in the property at issue. We agree with the trial court's findings. Therefore, this argument is without merit.

{¶ 20} Urbanski next argues that the allonge included within the promissory note was invalid for the following four reasons: (1) the allonge has a plainly discernible stamped signature rather than an actual signature, and, thus, the actual authority of the person utilizing the stamp has not been confirmed by appellee, (2) it appears the allonge was prepared in advance of Hendrix's and Wheeler's signatures and in advance of the promissory note being executed, (3) the allonge has a line that indicates the application number, and such line is blank, suggesting that it was prepared prior to the execution of the promissory note, and (4) the indorsement line of the allonge appears to have been altered by an erasure or use of "white out," as there is an inconsistency between the appearance of the indorsement line and the authorization line on the allonge where the signature is stamped.

{¶ 21} In addressing these arguments, the trial court found that Urbanski presented absolutely no evidence to support his speculation that the transfers of the note and mortgage were not valid, while USB has presented evidence to support that it was the proper holder of the note and mortgage and was entitled to enforce the note and mortgage. We agree with the trial court that Urbanski's arguments are mere speculation

and are insufficient to fend off USB's motion for summary judgment or to support his own.  It is well understood that using mere speculation to raise questions of material fact is not enough to defeat a summary judgment motion, and mere speculation cannot be used to support a motion for summary judgment. *See Allen v. USA Parking Sys., Inc.*, 7th Dist. No. 10 MA 175, 2011-Ohio-6642, ¶ 46, citing *Allstate Ins. Co. v. Sears*, 7th Dist. No. 06 BE 10, 2007-Ohio-4977, ¶ 74 (finding that mere speculation or possibility is not enough to defeat a summary judgment motion); *Poliseno v. Mitchell*, 10th Dist. No. 09AP-1001, 2010-Ohio-2615, ¶ 26 (finding mere speculation is not sufficient to overcome a motion for summary judgment), citing *Whiteside v. Conroy*, 10th Dist. No. 05AP-123, 2005-Ohio-5098, ¶ 66, citing *Zacks v. Beck*, 10th Dist. No. 04AP-1364, 2005-Ohio-4567, ¶ 29; *Strahm v. Buckeye Pipe Line Co., L.P.*, 3d Dist. No. 1-10-60, 2011-Ohio-1171, ¶ 35 (finding that a court cannot grant summary judgment on mere speculation). Therefore, we find Urbanski's arguments lack merit. For the foregoing reasons, Urbanski's assignment of error is overruled.

{¶ 22} Accordingly, Urbanski's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.

_____