**BIG SPRINGS GOLF CLUB, Appellant,**

v.

**DONOFRIO, Treasurer, et al., Appellees.**

[Cite as *Big Springs Golf Club v. Donofrio* (1991), 74 Ohio App.3d 1.]

Court of Appeals of Ohio,
Summit County.

No. 14917.

Decided May 8, 1991.

*Patricia M. Ritzert,* for appellant.

*Evan J. Palik,* Assistant Prosecuting Attorney, for appellee John Donofrio, Treasurer, et al.

*Jacqueline Thomason,* for appellee Department of Environmental Services.

*Per Curiam.*

Appellant, Big Springs Golf Club, Inc. ("Big Springs"), filed its complaint on April 27, 1989. This complaint, and two subsequent amended complaints, sought an injunction preventing Summit County from collecting what Big Springs alleged to be an illegal assessment for a sewer system and an order directing the correction of the assessment.

Following a motion to file a second amended complaint, to which the proposed second amended complaint was attached, appellees filed a motion to dismiss and/or for summary judgment. This motion was based primarily upon R.C. Chapter 2744, the Political Subdivision Tort Liability Act ("Act").

The motion also contended that the assessment was reasonable under R.C. Chapter 6117. The court, subsequent to the filing of the motion to dismiss and/or for summary judgment, granted the motion to file the second amended complaint. As the trial date approached, the trial court granted summary judgment in the appellees' favor, holding that the county possessed immunity under R.C. Chapter 2744.

Big Springs appeals, asserting three assignments of error. We reverse.

### Assignments of Error

"1. The trial court erred in ruling that an action to enjoin an illegal assessment brought under Ohio Revised Code Sec. 2723.01 is barred by the Government Tort Liability Act.

"2. The trial court erred in ruling on a motion that was not properly before the court.

"3. The trial court erred in labelling its action a summary judgment when it was in fact a dismissal."

In the case at bar, the complaints filed by Big Springs clearly sought injunctive relief with regard to the subject assessment, pursuant to R.C. 2723.01. The trial court granted appellees summary judgment based upon R.C. Chapter 2744, holding that the appellees possessed sovereign immunity.

By its very language and title, the Act applies to tort actions for damages. See R.C. 2744.02. As such, the Act does not apply to injunctive relief, as sought by Big Springs. As the trial court clearly relied on an inapplicable chapter of the Revised Code in granting summary judgment, we must reverse the judgment of the trial court and remand the case for further proceedings.

As the first assignment of error is well taken and necessarily disposes of the second and third assignments of error, we need not further address the second and third assignments of error at this point.

The judgment of the trial court is reversed and remanded.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., CACIOPPO and COOK, JJ., concur.