The STATE ex. rel. JOHNNY APPLESEED METROPOLITAN PARK DISTRICT, Appellant,

v.

CITY OF DELPHOS et al., Appellees.

[Cite as *State ex rel. Johnny Appleseed Metro. Park Dist. v. Delphos* (2001), 141 Ohio App.3d 255.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–2000–50.

Decided Jan. 19, 2001.

*Joseph M. Reidy,* for appellant.

*Chester, Willcox & Saxbe LLP* and *J. Craig Wright;* and *Clayton P. Osting,* for appellees.

Shaw, Judge.

The Johnny Appleseed Metropolitan Park District appeals the decision of the Allen County Court of Common Pleas granting summary judgment to the appellees, the city of Delphos et al., in this water dispute.

On March 16, 2000, the park district filed a complaint and request for injunctive relief in the Allen County Court of Common Pleas against the city of Delphos, its mayor, city council, and water superintendent. The complaint alleged that the park district was charged with the responsibility of managing and protecting the Kendrick Woods State Nature Preserve for the benefit of the citizens of the state of Ohio, that on January 7, 2000, the city of Delphos began pumping large quantities of water from a well field adjacent to the Kendrick Woods, and that this pumping adversely affected the artesian springs located in the Kendrick Woods. The complaint also alleged that continued pumping of the well field at the projected rate would result in severe damage to the plants, animals, and wetlands located in the Kendrick Woods. Finally, the complaint alleged that actions of the city of Delphos constituted an unreasonable use of the shared water supply and furthermore violated the rules of the park district. Based upon these allegations, the park district requested that the trial court enjoin the city from pumping water from the well field until such time as it could demonstrate that the pumping would not harm the Kendrick Woods ecosystem. The park district did not request monetary damages.

On June 29, 2000, the trial court entered summary judgment in favor of the defendants, holding that they were statutorily immune under R.C. Chapter 2744. Specifically, the trial court held that "the immunity offered to defendants under R.C. [Chapter] 2744 applies in this case, wherein injunctive relief is sought." Judgment Entry at *4. The park district now appeals and asserts three assignments of error with the trial court's judgment:

"The trial court erred when it held that * * * Plaintiff–Appellant's complaint for injunctive relief against Defendant–Appellee City of Delphos was barred by sovereign immunity.

"The trial court erred when it granted summary judgment for Defendants–Appellees where judgment was based on sovereign immunity and Plaintiff–Appellant presented evidence upon which reasonable minds could conclude that Defendants–Appellees had acted in bad faith, with malicious purpose, and in a wanton and reckless manner.

"The trial court erred when it held that Plaintiff–Appellant's claims for violation of Park rules were barred by sovereign immunity."

As an initial matter, we will briefly address the park district's third assignment of error. While the trial court's order did not specifically address the park district's claim that the city of Delphos's water use violated park rules, the park district has presented no persuasive authority to rebut the city's contention that it cannot be bound by those rules. As the city correctly observes, R.C. 1545.99 does not provide the park district a civil cause of action for violations of park rules, but rather merely authorizes the park district to levy a fine for such violations. Moreover, the park district has not presented and this court has been unable to locate any authority permitting a park district to seek injunctive relief for the violation of a park rule.

We therefore conclude that insofar as the park district's complaint requests the trial court to enjoin the city's continued violation of park rules, it fails to state a claim upon which relief can be granted. Civ.R. 12(B)(6). Accordingly, appellant's third assignment of error is overruled and, insofar as the trial court's entry granted summary judgment to the city on the park rules claim, it is affirmed.

As the park district's first and second assigned errors address similar issues, we will discuss them together. In both assignments of error, the park district argues that the trial court improperly relied upon R.C. 2744.03(A)(5) to hold the defendants statutorily immune from injunctive relief on the park district's claim of unreasonable use of ground water. R.C. 2744.03(A)(5) provides:

"*In a civil action* brought against a political subdivision or an employee of a political subdivision *to recover damages* for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmen-

tal or proprietary function * * * [t]he political subdivision is *immune from liability* if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." (Emphasis added.)

In granting summary judgment, the trial court held that R.C. 2744.03(A)(5) creates a qualified immunity to injunctive relief, and that the park district had presented insufficient evidence to abrogate that immunity.

■ However, Ohio's courts have been uniform in the observation that "[b]y its very language and title, [R.C. Chapter 2744] applies to tort actions *for damages.*" (Emphasis added.) *Big Springs Golf Club v. Donofrio* (1991), 74 Ohio App.3d 1, 2, 598 N.E.2d 14, 14. It has no application whatsoever in actions for equitable relief. *Id.* See, also, *McNamara v. Rittman* (1998), 125 Ohio App.3d 33, 47, 707 N.E.2d 967, 976–977. This court adopted a similar position in *Studer v. Seneca Cty. Humane Soc.* (May 4, 2000), Seneca App. No. 13–99–59, unreported, 2000 WL 566738. In that case, we noted that R.C. Chapter 2744 does not provide immunity to political subdivisions for claims that are "constitutional in nature," because statutory immunity is "not a proper defense" to claims that do not "sound in tort." *Id.* at * 4. Cf. *AgriGeneral Co. v. Lightner* (1998), 127 Ohio App.3d 109, 114, 711 N.E.2d 1037, 1041. Accordingly, because the park district's claim was for an injunction, rather than tort damages, the trial court erred in relying on R.C. 2744.03(A)(5) to conclude that the defendants were statutorily immune.

■ Thus, in determining the motion for summary judgment, the trial court's inquiry should have been directed to whether the park district had presented evidence sufficient to establish a genuine issue of material fact as to its claim of unreasonable dewatering and its request for injunctive relief. Of course, it is well settled that "[g]reat caution should·be exercised when a court of law enjoins the functions of other branches of government." *Dandino v. Hoover* (1994), 70 Ohio St.3d 506, 510, 639 N.E.2d 767, 770, citing *Garono v. State* (1988), 37 Ohio St.3d 171, 173, 524 N.E.2d 496, 499. While it is clearly within the trial court's power to issue the injunction requested, cf. *Seven Hills v. Cleveland* (1980), 1 Ohio App.3d 84, 91, 1 OBR 386, 393–394, 439 N.E.2d 895, 902–903; *Warder v. Springfield* (1886), 9 Ohio Dec. Rep. 855, 1887 WL 449 (permanently enjoining city from laying pipes to reduce the level of water at a dam), such an injunction will issue only in limited circumstances:

■ "The courts will not restrain, by injunction, the duly elected or appointed officials of a municipality * * * from carrying out such conferred power, where

there is no gross abuse of discretion or bad faith on the part of such officers, claimed or established." *Cincinnati v. Wegehoft* (1928), 119 Ohio St. 136, 162 N.E. 389, at the syllabus, quoted in *McNamara*, 125 Ohio App.3d at 47, 707 N.E.2d at 976–977. See, also, Annotation, Propriety of Injunctive Relief Against Diversion of Water by Municipal Corporation or Public Utility (1972), 42 A.L.R.3d 426, 436 *et seq.* (collecting cases where injunctive relief was deemed appropriate); 56 Ohio Jurisprudence 3d (1984) 267, Injunctions, Section 111 (describing standards for injunctive relief).

The trial court's judgment entry succinctly summarizes the park district's factual claims in this case:

"1. Defendants knew of, but ignored, a 1998 USGS report that pumping would lower and possibly affect the water quality of the artesian spring in the south end of Kendrick Woods;

2. Defendants knew that, in an initial pump test, the water level in the aforementioned artesian well was reduced by 50%;

3. Defendants have not conducted additional evaluation to determine the impact of pumping from the Heidelbaugh well field as advised by the Ohio EPA;

4. Affidavits show that irrevocable damage will occur to the Kendrick Woods ecosystem if pumping continues;

5. There are alternative plans, of less cost, to supply water to defendant City of Delphos;

6. Defendants have not tested the possible effect that pumping has on other wetlands in the plaintiff park." Judgment Entry at * 5–6.

Upon review, we find that the record contains evidence in support of all of the foregoing claims. In short, applying the relevant law governing unreasonable use of ground water, which is enunciated in R.C. 1521.17 and *Cline v. Am. Aggregates Corp.* (1984), 15 Ohio St.3d 384, 15 OBR 501, 474 N.E.2d 324, syllabus, it is clear that the park district has presented evidence establishing genuine issues of material fact as to the reasonableness of the city's water use and as to its right to injunctive relief against the city under the special standards for such relief set forth earlier. See, generally, Civ.R. 56(C); *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. Moreover, the presence of such evidence completely distinguishes this situation from the superficially similar case of *McNamara v. Rittman* (1998), 125 Ohio App.3d 33, 707 N.E.2d 967, in which the court explicitly noted that "the appellants * * * present[ed] *no* evidence that the city was negligent in its operation of [a] wellfield." (Emphasis added.) *Id.* at 36, 707 N.E.2d at 969.

Accordingly, it is our conclusion that this case must be remanded for trial upon the park district's claims as to the reasonableness of the city's water use and the request of the park district for injunctive relief based thereon. For the foregoing reasons, the park district's first two assignments of error are sustained and its third assignment of error is overruled. The judgment of the Allen County Court of Common Pleas is hereby reversed in part and affirmed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

*Judgment reversed in part,*
*affirmed in part*
*and cause remanded.*

WALTERS, P.J., and THOMAS F. BRYANT, J., concur.