DECISION AND JUDGMENT ENTRY
Appellant Philip G. Kline brings this consolidated appeal from entries of the Lawrence County Court of Common Pleas denying his motion for change of venue, denying his request for a preliminary injunction and temporary restraining order, and granting appellees' motion for summary judgment. Appellant raises thirteen assignments of error. Since many of the errors raised in appellant's brief are difficult to comprehend, we construe appellant's brief to raise the following purported errors for our review:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A CHANGE IN VENUE. (00CA32)
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT. (00CA39)
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION. (00CA39)
We hold that the trial court erred in part in granting the appellees' summary judgment motion. Therefore, we remand with instructions that the trial court proceed with a disposition of appellant's claims for injunctive relief.In April of 2000, appellant Kline attended a meeting of the Elizabeth Township Board of Trustees. At this meeting, the trustees passed a motion declaring that all audio and video tapings of the Board's meetings would be prohibited. On May 8, 2000, Kline attended another Elizabeth Township Trustee meeting, where he proceeded to tape the meeting in violation of this regulation. The trustees repeatedly asked Kline to cease taping the meeting, but he proceeded. As a result, the local sheriff removed and arrested Kline for disobeying the newly-adopted rule.
As a result, appellant Kline filed a complaint in the trial court, seeking money damages, along with a request for a preliminary injunction and temporary restraining order. Appellant claimed that the regulation passed by the trustees was not in conformity with the Ohio Sunshine Laws, the Public Records Act, and the Open Meetings Act. Appellant then filed a motion for change of venue, arguing that a fair and impartial trial could not be held in Lawrence County. The trial court denied this motion. The appellees, in turn, filed a motion for summary judgment, which the court granted based on sovereign immunity and due to the fact that Kline chose not to file a response to the motion. Appellant then filed a series of appeals, which have been consolidated for purposes of efficiency.
We begin our review with the decision of the trial court to deny the appellant's motion for change of venue, which appellant challenges in his notice of appeal in Case No. 00CA32.[1] Appellant relies on the language in Civ.R. 3(C)(4) as the basis for his request for a change of venue. The rule allows for the transfer of a case when it "appears that a fair and impartial trial cannot be had in the county in which the suit is pending." Id. Implicitly, this unfairness relates to the potential jury panel. Where the movant's claim is, as it was in this matter, that the trial judge harbors some bias or prejudice, the proper remedy is to file an affidavit of bias or prejudice with the Chief Justice of the Supreme Court of Ohio under R.C. 2701.03. See Williams v. Williams (Dec. 16, 1996), Butler App. No. CA96-01-015, unreported. In light of the fact that these proceedings involved a trial to the court and not a jury trial, the trial court did not err in denying appellant's motion for change of venue. Appellant's first assignment of error is overruled.
Next, we turn to the trial court's decision to grant appellees' motion for summary judgment. It is well-settled law that appellate review of a motion for summary judgment is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. The appellate court reviews the record on an independent basis without regard to the trial court's decision. Id. Under Civ.R. 56, summary judgment is appropriate only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ormet PrimaryAluminum Corp. v. Employers Ins. of Wausau (2000), 88 Ohio St.3d 292,300, 725 N.E.2d 646, 652-653. The initial burden is on the moving party to show they are entitled to judgment as a matter of law. Zivich v.Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 370, 696 N.E.2d 201,204. "If the moving party fails to satisfy its initial burden, the motionfor summary judgment must be denied." Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 145, 677 N.E.2d 308, 317. (Emphasis sic.).
The trial court granted appellees' motion for summary judgment based on the doctrine of statutory immunity and the failure of appellant to file a response to the motion. In Ohio, R.C. Chapter 2744 grants immunity to political subdivisions in some instances. However, Chapter 2744, or the Political Subdivision Tort Liability Act, applies only to tort actions for damages. Big Springs Golf Club v. Donofrio (1991), 74 Ohio App.3d 1,2, 598 N.E.2d 14. The statute has "no application whatsoever in actions for equitable relief." State ex rel. Johnny Appleseed Metro. Park Dist. (2001), 141 Ohio App.3d 255, 258, 750 N.E.2d 1158, 1161. See, also, BigSprings Golf Club, supra, at 2, 598 N.E.2d 14 (stating that R.C. Chapter 2744 "does not apply to injunctive relief"). Applying this rule to the case before us, we must conclude that appellees were not entitled to "judgment as a matter of law" on appellant's request for an injunction.
Appellees argue that since Kline did not respond to the motion for summary judgment, he failed to meet his burden of proof and summary judgment in their favor was appropriate. However, as previously noted, the moving party bears the initial burden of proving they are entitled to "judgment as a matter of law." Zivich, supra, at 370, 696 N.E.2d at 204. Unless and until the movant has properly supplied the court with evidentiary materials and a valid legal argument to meet the test of the rule, the nonmoving party has no burden to oppose the motion. See Fink, Greenbaum Wilson, Guide to the Ohio Rules of Civil Procedure (2000 ed.), 936, Section 56-14, and cases cited there. Based on our interpretation of the law, appellees failed to meet their initial burden as to the injunctive relief sought by appellant, and therefore, appellant was not required to respond to the motion.
Since appellant also requested money damages in his complaint, we also address immunity in that context. R.C. 2744.02(A)(1) grants immunity to political subdivisions unless one of the five exceptions in subsection (B) applies. Those five exceptions to immunity can be characterized as: 1) negligent operation of a motor vehicle, 2) negligent performance at proprietary functions, 3) failure to keep public roads and ways free from nuisance, 4) negligent maintenance of public buildings and 5) where expressly imposed by the revised code. In this case, the trustees claimed immunity and do not apparently fall into any of the five exceptions. Accordingly, appellees met their initial burden on this claim. Because appellant did not come forward with any evidence to create a genuine issue of material fact or to establish an exception to immunity, summary judgment was appropriate as to the claim for money damages.
Based on the foregoing, we conclude that appellees were entitled to summary judgment on the claim for money damages, but were not entitled to summary judgment on injunctive relief. Therefore, the second assignment of error is affirmed in part and reversed in part.
While we have not reached the merits of the case, we do not agree with appellees' contention that the prohibition placed on the recording of their meetings was permissible. R.C. 121.22, the Ohio Sunshine Law, requires public officials, when they are considering official business, to conduct their meetings in public. See TBC Westlake, Inc. v. HamiltonCty. Bd. of Revision (1998), 81 Ohio St.3d 58, 61, 689 N.E.2d 32, 34-35. When a violation of R.C. 121.22 occurs, the court is required to issue an injunction. Fayette Volunteer Fire Dept. No. 2, Inc. v. Bd. of Twp.Trustees of Fayette Twp. (1993), 87 Ohio App.3d 51, 53, 621 N.E.2d 855. See, also, R.C. 121.22(I)(1). Case law has not yet developed on the issue of recording public meetings, but the Ohio Attorney General has issued an opinion that is relevant to the case before us. The opinion states that a public body may not absolutely prohibit the audio and video recording of its meetings. 1988 Ohio Atty.Gen.Ops. No. 88-087, paragraph one of the syllabus. However, reasonable regulations may be adopted to ensure the meetings are conducted in an orderly fashion. Id. See, also, Spratt v.Rickey (Mar. 26, 1998), Adams App. No. 97-CA-639, 97-CA-642, unreported. Numerous factors may be considered in formulating a regulation, such as requiring the equipment to be silent, unobtrusive, or self-contained.Id. However, the restrictions must also be narrowly tailored so as not to infringe upon any statutory or constitutional rights. Id. at paragraph two of the syllabus. Generally speaking, though, a blanket prohibition on recording a public meeting, such as the one adopted by the Elizabeth Township Board of Trustees in this case, does not appear to be justified. In keeping with the rationale of the attorney general's opinion, it appears that appellees could have adopted reasonable restrictions upon recording meetings, but that an outright ban is not in compliance with R.C. 121.22.
As to the third assignment of error, our review of the record and the trial court's judgment indicates that it never reached the merits of the motion for a temporary restraining order and a preliminary injunction. Accordingly, we remand this matter for further proceedings on those issues. Thus, we overrule the third assignment of error as being moot to the extent that we have remanded the matter to the trial court.
Finally, we note that according to the record of Case No. 01CA13, appellant filed a notice of appeal based on the trial court's denial of his motion to supplement the record. However, we are unable to find any separate assignment of error in appellant's brief, nor do we have any indication that a separate brief was filed on this issue. Therefore, pursuant to App.R. 12(A)(2) and App.R. 16(A), we will disregard it.
Accordingly, we affirm in part and reverse in part and remand the matter to the trial court with instructions to proceed on appellant's request for injunctive relief.
 JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART AND CAUSE REMANDED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Evans, J. Concur in Judgment and Opinion.
[1] Any question concerning whether that notice of appeal involved a final appealable order is resolved by the trial courts ultimate dismissal of the entire case.