JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellants, the city of Rocky River and four residents (collectively "Rocky River"), appeal the trial court's grant of a motion to dismiss filed by appellee, the city of Lakewood. After a thorough review of the record, and for the reasons set forth below, we reverse and remand.
 {¶ 2} On July 20, 2007, Rocky River filed a nuisance complaint against Lakewood, seeking an injunction against the operation of Lakewood's dog park. On August 8, 2007, Lakewood filed a motion to dismiss on the basis that sovereign immunity applied. On December 18, 2007, the trial court granted the motion to dismiss.
 {¶ 3} The facts that led to this appeal began in 2005 when Lakewood began operating a dog park in the Cleveland Metroparks' Rocky River Reservation within Lakewood. The dog park is open daily and provides a fenced-in area where owners may bring their unleashed dogs. The dog park is located less than 400 feet from the Rocky River border. The four residents, Michael and Carol Buddie, and Timothy and Lynn Merriman, live in Rocky River near that border. Rocky River alleged that the dog park's operation is a nuisance because of loud barking, foul odors, and biting. *Page 4 
 Review and Analysis {¶ 4} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey County Bd. of Commrs.,65 Ohio St.3d 545, 1992-Ohio-73, 605 N.E.2d 378. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." Byrd v. Faber (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584.
 {¶ 5} While the factual allegations of the complaint are taken as true, "[unsupported conclusions of a complaint are not considered admitted *** and are not sufficient to withstand a motion to dismiss."State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324,544 N.E.2d 639. In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." OBrien v. University CommunityTenants Union, Inc. (1975), 42 Ohio St.2d 242, 245, 327 N.E.2d 753.
 {¶ 6} Since factual allegations in the complaint are presumed true, only the legal issues are presented, and an entry of dismissal on the pleadings will be reviewed de novo. Hunt v. Marksman Prods. (1995),101 Ohio App.3d 760, 656 N.E.2d 726. A de novo standard of review affords no deference to the trial court's decision, and we independently review the record to determine whether a *Page 5 
dismissal was proper. Gilchrist v. Gonsor, Cuyahoga App. No. 88609,2007-Ohio-3903, at ¶ 16.
 {¶ 7} Rocky River brings this appeal, asserting two assignments of error for our review.
 Injunctive Relief {¶ 8} "I. The trial court erred in applying sovereign immunity to a request for injunctive relief."
 {¶ 9} Rocky River argues that the trial court erred in granting Lakewood's motion to dismiss because, even if sovereign immunity would apply in an action for damages, it does not apply in an action for injunctive relief. We find merit in this argument.
 {¶ 10} The issue presented by Rocky River is an issue of first impression in this district; however, a review of Ohio case law indicates the weight of authority has held that sovereign immunity does not apply to injunctive relief. In McNamara v. City of Rittman (1998),125 Ohio App.3d 33, 47, 707 N.E.2d 967, the Ninth District held: "It seems to us that the same policy reasons that immunize the City from liability for money damages ought to apply to a prayer for injunctive relief."
 {¶ 11} Although McNamara supports Lakewood's argument that sovereign immunity applies to injunctive relief, several other appellate districts have held that sovereign immunity applies to actions for money damages only. In Parker *Page 6 v. City of Upper Arlington, 10th App. No. 05AP-695, 2006-Ohio-1649, at ¶ 9, the Tenth District held that "[a]ppellants are correct that R.C. Chapter 2744 immunity is only a defense to tort claims seeking monetarydamages, and not to claims seeking declaratory relief." (Emphasis added.)
 {¶ 12} In following a Ninth District case, the Eleventh District held that sovereign immunity did not apply to equitable relief because "[c]ourts in Ohio have been uniform in the observation that `[b]y its very language and title, [Chapter 2744] applies to tort actions for damages.'" Portage Cty. Bd. of Commrs. v. City of Akron,156 Ohio App.3d 657, 700, 2004-Ohio-1665, 808 N.E.2d 444, citing Big Springs Golf Clubv. Donofrio (1991), 74 Ohio App.3d 1, 2, 598 N.E.2d 14. See, also,Kline v. Davis (Dec. 11, 2001), 4th App. Nos. 00CA32, 00CA39, 01CA13;State ex rel. Johnny Appleseed Metro. Park Dist. v. City ofDelphos, 141 Ohio App.3d 255, 258, 2001-Ohio-2353, 750 N.E.2d 1158
(holding that "because the Park District's claim was for an injunction, rather than tort damages, the trial court erred in [holding] that the defendants were statutorily immune.").
 {¶ 13} We agree with the overwhelming weight of authority that sovereign immunity applies only to an action for damages. Importantly, we note that even R.C. 2744.02(A)(1) specifically states that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the *Page 7 
political subdivision in connection with a governmental or proprietary function." (Emphasis added.) See, also, Big Springs, supra at 2 (holding that "by its very language and title, the Act applies to tort actions for damages. See R.C. 2744.02. As such, the Act does not apply to injunctive relief.").
 {¶ 14} We find that the trial court erred when it determined that sovereign immunity applied to Rocky River's action for injunctive relief against Lakewood. Accordingly, Rocky River's first assignment of error is sustained.
 {¶ 15} "II. The trial court erred in determining that sovereign immunity applied to the operation of a `dog park.'"
 {¶ 16} Rocky River argues that the trial court erred when it granted Lakewood's motion to dismiss. More specifically, it argues that sovereign immunity does not apply to the operation of a dog park. Our disposition of the first assignment renders this assignment of error moot.
 {¶ 17} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellants recover of said appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
 MELODY J. STEWART, P.J., and MARY JANE BOYLE, J., CONCUR *Page 1