[Cite as *Hendrickson v. Haven Place, Inc.*, 2014-Ohio-3726.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100816

---

## JUSTIN HENDRICKSON

### PLAINTIFF-APPELLEE

vs.

## HAVEN PLACE, INC., ET AL.

### DEFENDANTS

[Appeal By Cuyahoga County, Ohio,
Demetria Chilton and Hope Gula]

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-810721

**BEFORE:** McCormack, J., Boyle, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** August 28, 2014

**ATTORNEYS FOR APPELLANTS**

Timothy J. McGinty
Cuyahoga County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

Steven W. Ritz
Assistant Prosecuting Attorney
3955 Euclid Avenue, Room 305-E
Cleveland, Ohio   44115

**ATTORNEYS FOR APPELLEES**

**For Justin Hendrickson**
Kyle L. Crane
Kyle L. Crane Co., L.P.A.
4820 Lorain Avenue
Cleveland, Ohio   44102

R. Jack Clapp
4820 Lorain Avenue
Cleveland, Ohio   44102

**ALSO LISTED:**

**For The Haven Place, Inc., et al.**
Frank G. Mazgaj
Hanna, Campbell & Powell, L.L.P.
3737 Embassy Parkway, Suite 100
Akron, Ohio   44333

Michelle Campbell, pro se
4371 Northfield Road, Apt. 308
Cleveland, Ohio   44128

(continued)

Orlando Leonard, pro se
10104 Olivet Avenue
Cleveland, Ohio   44108

Mildred Ray, pro se
12828 Chapman Avenue, Apt. C
Garden Grove, California   92840

Noreen Smith, pro se
3357 Sutton Road
Shaker Heights, Ohio   44120

TIMOTHY McCORMACK, J.:

{¶1} Defendants-appellants, the county of Cuyahoga (the "County") and Demetria L. Chilton and Hope Gula, employees of the Cuyahoga County Department of Children and Family Services ("CCDCFS"), bring this appeal from the denial of their motion to dismiss the claims against them brought by plaintiff-appellee, Justin Hendrickson. Appellants claim they are entitled to immunity from the claims brought by Hendrickson because of political subdivision immunity. Based on the facts as pled in the complaint and a review of the law, we reverse the decision of the trial court and hold that appellants are entitled to immunity.

## Procedural History and Substantive Facts

{¶2} Hendrickson filed a complaint on July 16, 2013, naming several defendants: The Haven Place, Inc.; The Haven In Shaker-ACF; The Haven in Mount Pleasant; Orlando Leonard; Michelle Campbell; Andra Johnson; Sandra Marshall; Noreen Smith; Mildred Ray; Hope Gula; Demetria L. Chilton; Michelle Campbell; CCDCFS; the County; and County Executive Edward FitzGerald. The complaint alleged claims of negligence and premises liability against Orlando Leonard and Michelle Campbell; negligent supervision against Andra Johnson, Sandra Marshall, Noreen Smith, Mildred Ray, and Michelle Campbell; and negligent entrustment against The Haven Place, The Haven of Shaker, and The Haven of Mount Pleasant. Count 5 of the complaint, entitled "Wanton and Reckless," asserted the following claims against Chilton and Gula:

At all times relevant herein, Defendant Hope Gula and Defendant Demetria

L. Chilton, acted negligently, carelessly, maliciously, willfully and

wantonly, with conscious disregard to human life including but not limited to failing to adequately supervise Defendants Havens and its employees, failing to place Plaintiff in a safe group home environment, placing Plaintiff in and/or authorizing Plaintiff to stay in a group home which was being investigated for safety issues and/or violations and/or otherwise currently under investigation causing Plaintiff to be injured in the manner set forth in this Complaint.

{¶3} Hendrickson further alleged that Chilton and Gula were acting within the course and scope of their employment with the County during all relevant times. He alleged that the County was liable under the theory of negligent entrustment or respondeat superior for the acts of its employees in the sixth count of his complaint. This count states, in part:

> At all times relevant herein, Defendants Hope Gula and/or Demetria L. Chilton were employees, agents, representatives and/or servants of Defendants [CCDCFS] and/or [the County] and Edward FitzGerald, Cuyahoga County Executor [sic] and at the time of this incident, were acting in the course and scope of their employment with Defendants and with the express permission and consent and for the benefit of said Defendants.

{¶4} On September 24, 2013, appellants filed a motion to dismiss, arguing the claims against them were barred by political subdivision immunity under Chapter 2744 of the Ohio Revised Code. The motion also argued that, regardless of immunity, the County was the properly named party and the county executive and CCDCFS were only departments of the County and not properly named defendants. Hendrickson opposed

the motion arguing he pled sufficient facts to survive, but also conceded that CCDCFS and the county executive were not properly named defendants. The County filed a reply brief without leave of the court, which the court accepted and allowed Hendrickson to file a sur-reply brief.

{¶5} On December 4, 2013, the court denied the County's motion with the exception of dismissing CCDCFS and the county executive as parties. Appellants then filed the instant appeal on December 27, 2013, assigning two errors:

> I. The Court of Common Pleas erred by denying R.C. 2744 immunity to [the County] when the court denied [its] Motion to Dismiss by Order dated December 4, 2013.

> II. The Court of Common Pleas erred by denying R.C. 2744 immunity to [Chilton and Gula] when the court denied [their] Motion to Dismiss by Order dated December 4, 2013.

## Law and Analysis

### Standard of Review

{¶6} This court has jurisdiction over this appeal because the trial court's December 4, 2013 order denies the County and its employees claimed immunity under Chapter 2744 of the Ohio Revised Code and is therefore a final order. R.C. 2744.02(C); *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878.

{¶7} A motion to dismiss for failure to state a claim on which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1992).

{¶8} This court has previously set forth an exhaustive analysis of the notice pleading standard in light of developments in federal pleading standards. *Tuleta v. Med. Mut. of Ohio*, 2014-Ohio-396, 6 N.E.3d 106 (8th Dist.). There, this court reviewed and then rejected federal case law, which heightened the notice pleading standard of Fed.R.Civ.P. 8(a), finding that Ohio has not adopted the modification of notice pleading standards as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

{¶9} Prior to these cases, a motion to dismiss should have been granted only where it appeared that no set of facts would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In *Twomlby* and *Iqbal*, the U.S. Supreme Court modified the "no set of facts" standard set forth in *Conley* to require a plaintiff to set forth plausible facts to demonstrate a probable claim for relief. *Tuleta* at ¶ 14-21; *Iqbal* at 678-679. This court rejected the idea that the Eighth District Court of Appeals had adopted the heightened pleading standards merely by citing to *Twombly* and *Iqbal*, and instead adhered to the "no set of facts" language enunciated in *Conley* and adopted by the Ohio Supreme Court in *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶10} However, one idea that underpins *Twombly* and *Iqbal* — that bald legal conclusions do not constitute a well-pled complaint — is not new in Ohio. Indeed, the Ohio Supreme Court made similar statements in 1989, where it reasoned that while the

factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 544 N.E.2d 639 (1989).

{¶11} Therefore, the proper standard for reviewing a motion to dismiss pursuant to Civ.R. 12(B)(6) is, after construing all facts and inferences in favor of the nonmoving party, whether there is no set of facts that would entitle the plaintiff to relief. However, factually unsupported legal conclusions should not be construed in such a manner and are insufficient to state a claim for relief.

> [T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.

*Fancher v. Fancher*, 8 Ohio App.3d 79, 83, 455 N.E.2d 1344 (1st Dist.1982).

{¶12} Because factual allegations in the complaint are presumed true, only the legal issues are presented, and an entry of dismissal on the pleadings will be reviewed de novo. *Rocky River v. Lakewood*, 8th Dist. Cuyahoga No. 90908, 2008-Ohio-6484, ¶ 6. De novo review requires this court to undertake an independent analysis of the issues without deference to the trial court's determination. *Gilchrist v. Gonsor*, 8th Dist. Cuyahoga No. 88609, 2007-Ohio-3903, ¶ 16.

## Claims Against the County

{¶13} Appellants first claim the trial court erred when it denied immunity to the County.

**{¶14}** "In 1985, the General Assembly enacted R.C. Chapter 2744, the Political Subdivision Tort Liability Act, in response to the judicial abolishment of common-law sovereign immunity by this court's decision in *Haverlack v. Portage Homes, Inc.* (1982), 2 Ohio St.3d 26, * * * 442 N.E.2d 749." *Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 2007-Ohio-1946, 865 N.E.2d 9, ¶ 13.

**{¶15}** Immunity of a political subdivision requires a three-tiered analysis according to R.C. 2744.01 and 2744.02. *Id*. at ¶ 14-16. The general presumption, as outlined in R.C. 2744.02(A), is that political subdivisions of the state are immune from suit. However, immunity is removed for any of five categories of claims under R.C. 2744.02(B)(1) through 2744.02(B)(5). Those categories are (1) the negligent operation of a motor vehicle by an employee with certain exceptions, (2) negligent acts by an employee engaged in a proprietary function, (3) the negligent failure to keep roads in good repair, (4) negligence that results in injury on subdivision property used for a governmental function, and (5) "when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code * * * ." If immunity is removed under one or more of these subsections, it may be restored if one of the provisions of R.C. 2744.03(A)(1) through 2744.03(A)(5) are met. *Auglaize Acres* at ¶ 16.

**{¶16}** First, there is no dispute that the County is a political subdivision that qualifies for immunity under R.C. 2744.01(A). The second step requires an analysis of R.C. 2744.02(B) to determine if that immunity is abrogated. There are two categories of claims that would possibly remove immunity from the County in this case — negligent

acts of employees engaged in a proprietary function and civil liability expressly imposed by statute. R.C. 2744.02(B)(2) and 2744.02(B)(5).

{¶17} Under R.C. 2744.01, actions of a political subdivision are divided into two categories: governmental functions and proprietary functions. This statute includes a non-exhaustive list of activities that are governmental functions. R.C. 2744.01(C)(2)(m) defines "[t]he operation of a job and family services department or agency, including, but not limited to, the provision of assistance to aged and infirm persons and to persons who are indigent" as a governmental function.

{¶18} In *Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 118 Ohio St.3d 392, 2008-Ohio-2567, 889 N.E.2d 521, a juvenile in the temporary custody of CCDCFS was sexually abused by a parent during a visit supervised by CCDCFS employees at a county facility. The child's mother and grandmother, the appointed guardian, filed suit against the County. The *Rankin* court held that the County was not liable in tort because no provision of R.C. 2744.02(B) removed immunity. It found that "[u]nder either R.C. 2744.01(C)(2)(m) or (o),[1] Cuyahoga County Department of Children and Family Services is a political subdivision performing a governmental function." *Id.* at ¶ 16.

{¶19} Hendrickson claims, for the first time on appeal and without support, that the placement of individuals under the supervision of CCDCFS into housing facilities is a

---

[1] This subsection provides, "The operation of mental health facilities, mental retardation or developmental disabilities facilities, alcohol treatment and control centers, and children's homes or agencies[.]"

proprietary function because it is not strictly required for the operation of CCDCFS. However, the provision of necessary services to wards of the County is indeed a governmental function. This is the conclusion reached by the Eleventh District in *Doe v. Trumbull Cty. Children Servs. Bd.*, 11th Dist. Trumbull No. 2011-T-0080, 2012-Ohio-1463. There, the plaintiff-appellant argued "that the phrase 'operation of children service agencies or homes' applies to their operation, not to the care, custody, and control of children." *Id*. at ¶ 13. Based on the holding in *Rankin*, the court rejected that claim and found this to be a governmental function not subject to the removal of immunity under R.C. 2744.02(B)(2).

{¶20} The housing, care, and maintenance of children in the custody of a department of children and family services is a governmental function. R.C. 2744.02(B)(2) does not remove immunity from the County in this case.

{¶21} This leaves express statutory imposition of liability under R.C. 2744.02(B)(5). Hendrickson does not cite to any statute that imposes liability. Therefore, the County's general grant of immunity under R.C. 2744.02(A) has not been abrogated, and the trial court erred in denying its motion to dismiss. While determinations of immunity are more appropriately made on summary judgment, *Caraballo v. Cleveland Metro. School Dist.*, 8th Dist., Cuyahoga No. 99616, 2013-Ohio-4919, ¶ 9, no set of facts removes immunity from the County, as alleged in this complaint.

**Claims Against Individual Employees**

**{¶22}** Appellants argue in their second assignment of error that the trial court "erred by denying R.C. 2744 immunity to [Chilton and Gula] when the court denied [their] Motion to Dismiss by Order dated December 4, 2013."

**{¶23}** Claims against governmental employees are subject to a different analysis than claims against the subdivision itself. *Sickles v. Jackson Cty. Hwy. Dept.*, 196 Ohio App.3d 703, 2011-Ohio-6102, 965 N.E.2d 330, ¶ 32 (4th Dist.); R.C. 2744.03(A)(6).

**{¶24}** The employees in this case are generally immune from liability unless:

(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision pertaining to an employee.

R.C. 2744.03(A)(6).

**{¶25}** Here, Hendrickson alleges that Chilton and Gula acted in a wanton or reckless manner by allowing him to remain in a facility that was under investigation by an unidentified entity for unidentified "issues and/or violations * * *" and that they failed to adequately supervise this private facility. Therefore, appellant argues, immunity is removed by R.C. 2744.03(A)(6)(b).

Willful misconduct implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge

some duty necessary to safety, or purposefully doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury. *Tighe v. Diamond*, 149 Ohio St. [520,] at 527, 80 N.E.2d 122 [(1948)]; see also Black's Law Dictionary 1630 (8th Ed.2004) (describing willful conduct as the voluntary or intentional violation or disregard of a known legal duty).

Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result. *Hawkins [v. Ivy]*, 50 Ohio St.2d [114,] at 117-118, 363 N.E.2d 367 [(1977)]; see also Black's Law Dictionary 1613-1614 (8th Ed.2004) (explaining that one acting in a wanton manner is aware of the risk of the conduct but is not trying to avoid it and is indifferent to whether harm results).

Reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct. *Thompson [v. McNeill]*, 53 Ohio St.3d [102,] at 104-105, 559 N.E.2d 705 [(1990)], adopting 2 Restatement of the Law 2d, Torts, Section 500, at 587 (1965); see also Black's Law Dictionary 1298-1299 (8th Ed.2004) (explaining that reckless conduct is characterized by a substantial and unjustifiable risk of harm to others and a conscious disregard of or indifference to the risk, but the actor does not desire harm).

*Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, ¶ 32-34.

{¶26} In the present case, there are no factual allegations that would lead to reckless, wanton, or willful conduct. The complaint does not set forth in any manner how Chilton or Gula acted willfully, recklessly, or wantonly with respect to the alleged injury. There is no indication that any investigation into the facility in which Hendrickson was housed would impact this case. This is not a case of abuse of a resident at the hands of an employee of a facility of which a caseworker of CCDCFS knew or should have known. Here, we have a dog bite that occurred at a private residence where Hendrickson was attending a party.

**{¶27}** "Under the notice pleading requirements of Civ.R. 8(A)(1), the plaintiff is only required to plead sufficient, operative facts to support recovery under her claims." *Moncrief v. Bohn*, 8th Dist. Cuyahoga No. 100339, 2014-Ohio-837, ¶ 22. A well-pled complaint must include factual allegations going to each element of the claim, and conclusory statements without any factual allegations in support are insufficient. Here, Hendrickson claims the County employees acted recklessly because the facility where he resided was under investigation for possible safety violations. He in no way indicates how those possible violations or lack of supervision led to or contributed to his injuries.

**{¶28}** *Estate of Graves v. Circleville*, 4th Dist. Ross No. 04CA2774, 2005-Ohio-929, demonstrates the types of allegations that constitute a well-pled cause of action to overcome immunity. In that case, Jillian Graves was killed in a collision with a drunk driver, Cornelius Copley. His estate alleged the following facts in its amended complaint against the city of Circleville:

(1) Copley had multiple OMVI convictions before July 6, 2003, including two OMVIs in 2003; (2) Copley had been arrested multiple times for driving under the influence of alcohol and/or drugs; (3) Copley had multiple hit-and-run violations; (4) on July 4, 2003, the Officers arrested Copley for driving while intoxicated after he sideswiped a parked car and fled the scene; (5) at the time of his arrest, Copley informed the Officers that he was driving under a suspended drivers license as a result of a prior OMVI; (6) the Officers charged Copley with driving under the influence of alcohol

and/or drugs, driving under a suspended license, hit-and-run, and failing to maintain control of his vehicle within the proper marked lanes; (7) the Officers seized and impounded Copley's vehicle at the time of his arrest; (8) Copley's car was to remain impounded until his initial court appearance on July 7, 2003, under R.C. 4507.38, because he was charged with driving under a suspended or revoked Ohio driver's license; (9) Copley's vehicle was to remain impounded until his initial court appearance because R.C. 4511.195 requires impoundment in all cases of OMVI arrest where the defendant has been convicted of or has plead guilty to an OMVI offense within the prior six year period; (10) the purpose of R.C. 4507.38 and 4511.195 is to prevent a dangerous driver from gaining access to his vehicle before a Court has an opportunity to determine whether the defendant poses a threat to the public if the vehicle is released; (11) despite the law, the Officers allowed Copley to obtain his vehicle from the impound lot on July 5, 2003, two days before his scheduled initial court appearance; and (12) the officers acted wantonly, recklessly, and with complete disregard for the foreseeable consequences of their actions.

{¶29} The complaint, containing more facts than are probably required, established some connection between the alleged breach of duty and the injury. The Fourth District reversed the trial court's decision granting Circleville's Civ.R. 12(C) motion for judgment

on the pleadings, finding that the complaint sufficiently alleged a cause of action that could remove immunity from Circleville. *Id*. at ¶ 28.

**{¶30}** Here, there is no link or any factual allegations that would lead to the conclusion that county employees acted recklessly, wantonly, or in clear disregard for a foreseeable risk of harm, even where facts are construed in Hendrickson's favor. "Ohio remains a notice pleading state, but the complaint must still advance a rational basis for holding a defendant liable." *Cleveland v. JP Morgan Chase Bank, N.A.*, 8th Dist. Cuyahoga No. 98656, 2013-Ohio-1035, ¶ 11, citing *Gallo v. Westfield Natl. Ins. Co.*, 8th Dist. Cuyahoga No. 91893, 2009-Ohio-1094, ¶ 9.

**{¶31}** Construing the factual allegations as true means only that the facility in which Hendrickson was housed was under investigation for safety violations. There is no causal connection between any of the alleged violations and the dog attack that occurred at the private residence where Hendrickson was attending a party. Hendrickson's incantatory inclusion of the words "willful, wanton, and reckless" in a paragraph of his complaint is insufficient to demonstrate any set of facts that would allow him to recover from Gula or Chilton for their failure to prevent him from getting bitten by a dog during a party at a private residence. Accordingly, the trial court erred in denying Chilton and Gula immunity pursuant to R.C. 2744.03(A)(6).

**{¶32}** The County and its employees are entitled to immunity in this case, and the trial court erred in denying their motion to dismiss. No provision of R.C. 2744.02(B) removes immunity from the County, and Hendrickson's claims against individual

employees are not sufficient to remove immunity under R.C. 2744.03(A)(6). This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellants recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


TIM McCORMACK, JUDGE

MARY J. BOYLE, A.J., and
KENNETH A. ROCCO, J., CONCUR